UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LD DAYS and HARRIETT DAYS,

                          Plaintiffs,

vs.

CITY OF SYRACUSE, ONONDAGA COUNTY
SHERIFF and ONONDAGA COUNTY,

                          Defendants.

**VERIFIED ANSWER**
5:18-CV-1334 (LEK/DEP)

---

      Defendants, Onondaga County Sheriff and Onondaga County, by their attorney, Robert A. Durr, County Attorney, Carol L. Rhinehart, of counsel, as and for an Answer to Plaintiff's Complaint, alleges and shows to the Court as follows:

      1.    Since the following paragraph states a legal conclusion, no response is required. To the extent a response is required, Defendants **DENY** the allegations contained in paragraphs 9 and 16.

      2.    **ADMIT** the allegations contained in paragraph 2 and 3 of the Complaint.

      3.    **DENY** the allegations contained in paragraphs 10, 11, 12 and 13 of the Complaint.

      4.    **LACK SUFFICIENT INFORMATION TO FORM A BELIEF** as to the allegations contained in paragraphs 1, 4, 7, 8, 14 and 15 of the Complaint and therefore **DENY**.

      5.    **DENY** so much of the allegations contained in paragraph 5 that alleges that the County of Onondaga was served with the Notice of Claim and **LACK SUFFICIENT INFORMATION TO FORM A BELIEF** as to the remaining allegations of said paragraph.

      6.    **DENY** so much of the allegations contained in paragraph 6 as they relate to the Onondaga County Sheriff's Department and **LACK SUFFICIENT INFORMATION TO**

**FORM A BELIEF** as to the remaining allegations of said paragraph.

7. **DENY** each and every other allegation contained herein which has not been specifically admitted, denied or otherwise controverted.

8. **DENY** that the Notice of Claim was served within the statutory period prescribed by law and **DENY** that said Notice of Claim was served upon the proper party, and further **DENY** that the purported written Notice of Claim was served or filed in accordance with Section 50-e of the General Municipal Law or Section 52 of the County Law in such cases made and provided, and that any writings served or caused to be served purporting to be a Notice did not comply in form or substance with the provisions of the statutes in such case made and provided.

## DEFENDANTS' AFFIRMATIVE DEFENSES

9. Defendants set forth below its affirmative defenses. By setting forth these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiffs' allegations.

### FOR A FIRST AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

10. That any damages alleged to have been sustained by Plaintiffs were caused or contributed to in full or in part by the culpable conduct and/or carelessness including comparative negligence and/or assumption of the risk of Plaintiffs or third persons over whom Defendants have no control, and not by any culpable conduct on the part of Defendants, its agents, servants or employees. Plaintiffs, therefore, are not entitled to any award or recovery herein, and by reason of such culpable conduct attributable to Plaintiffs and/or third persons, any

damages recovered by Plaintiffs should be diminished in such proportion as the culpable conduct of Plaintiffs or third persons bear to the culpable conduct of these Defendants.

### FOR A SECOND AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

11. Defendants are afforded statutory and common law immunity as to the allegations contained in Plaintiffs' Complaint.

### FOR A THIRD AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

12. Plaintiff failed to perform conditions precedent to the initiation of this suit.

### FOR A FOURTH AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

13. The pleadings are insufficient and are not in the form prescribed, and, therefore, do not state a cause of action.

### FOR A FIFTH AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

14. The Complaint fails to state a claim upon which relief may be granted.

### FOR A SIXTH AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

15. The allegations of Plaintiff's Complaint are barred by the appropriate statute of limitations.

### FOR A SEVENTH AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

16. Defendants acted reasonably and in good faith.

### FOR AN EIGHTH AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

17. The Court has not obtained personal jurisdiction over each answering Defendant,

for lack of personal service of the Summons and Complaint herein.

### FOR A NINTH AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

18. The Complaint fails to state specific acts of conduct attributable to the named Defendants which give rise to liability pursuant to 42 U.S.C. § 1983.

### FOR A TENTH AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

19. The Complaint fails to allege the existence of a custom, policy or procedure of the municipal defendant which give rise to liability pursuant to 42 USC §1983.

### FOR AN ELEVENTH AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

20. If the Plaintiff obtains any recovery in this action against this Answering Defendant, such recovery and liability against this Answering Defendant should be limited pursuant to Article 16 of the CPLR; the liability, if any, of the Defendant to the Plaintiff for non-economic loss shall be limited to the Defendant's equitable share of the culpable conduct causing or contributing to the total liability for the non-economic loss of the Plaintiff, if any.

### FOR A TWELFTH AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

21. Plaintiffs have failed to name a necessary party.

### FOR A THIRTEENTH AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

22. Upon information and belief, this answering Defendant is absolutely and/or qualifiedly immune from the allegations and claims which make up Plaintiff's complaint in that the acts and omissions complained of are discretionary and governmental in nature rather than ministerial.

### FOR A FOURTEENTH AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

23. Upon information and belief the Plaintiff may have, or might in the future, reach agreements and/or settlement with co-Defendants or other non-party tort feasors and in the event of any such circumstance will be obliged to immediately disclose the same to this Defendant at which time the Defendant will have the right to set-off any and all other available relief pursuant to GOL §15-108 and cases decided thereunder.

### AS A SEPARATE CROSS-CLAIM AGAINST THE DEFENDANT, CITY OF SYRACUSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

24. That if Plaintiffs were caused to sustain damages at the time and place set forth in Plaintiffs' Complaint through any carelessness, recklessness or negligence other than the Plaintiffs' own carelessness, recklessness or negligence, said damages were sustained by reason of the sole, active and primary carelessness, recklessness or negligence on the part of the Defendant, City of Syracuse, its agents, servants and/or employees without any active or affirmative negligence on the part of these Answering Defendants contributing thereto.

25. That by reason of the foregoing, the Defendant, City of Syracuse, will be liable to these Answering Defendants in the event and in the amount of recovery herein by the Plaintiffs, and these Answering Defendants demand apportionment of liability, contribution, indemnification and judgment over and against the Defendant, City of Syracuse, for the amount of Plaintiff's recovery.

### DEMAND FOR JURY TRIAL

26. These Answering Defendants demand a trial by jury.

**WHEREFORE,** the Defendants, Onondaga County Sheriff and Onondaga County, demands judgment (a) dismissing the Complaint, or, in the alternative, (b) diminishing the damages recoverable in such proportion as the culpable conduct of Plaintiffs or third persons bear to the culpable conduct of these Defendants, or (c) in the event of a judgment in favor of Plaintiffs herein against these Answering Defendants, that the ultimate rights of the Defendants as between themselves be determined in this action and that these Answering Defendants have judgment over and against the Defendant, City of Syracuse, for any sum which may be recovered herein by the Plaintiff against these Answering Defendants, together with reasonable counsel fees and costs incurred in this action, and for such other and further relief as is just and proper.

Dated: November 26, 2018

Yours, etc.,

_Carol L. Rhinehart_
ROBERT A. DURR
COUNTY ATTORNEY
Carol L. Rhinehart, of counsel
Attorneys for County Defendants
Office & P. O. Address
421 Montgomery St., 10th Floor
Syracuse, New York  13202

STATE OF NEW YORK )
COUNTY OF ONONDAGA) SS.:

Carol L. Rhinehart, being duly sworn, deposes and says: that she is a Deputy County Attorney, in and for the County of Onondaga, New York, Defendant in this action; that she has read the foregoing Answer and knows the contents thereof; that the same is true to the knowledge of deponent, except as to the matters therein stated to be alleged on information and belief, and that as to those matters she believes it to be true. That this verification is made by deponent for the reason that Defendant is a municipal corporation and that deponent is one of its Deputy County Attorneys; that the source of deponent's information and the grounds of her belief are statements received from heads of departments or County employees, or that the

material allegations are within the personal knowledge of deponent, wherefore, deponent makes this verification.

*Carol L. Rhinehart*
CAROL L. RHINEHART

Sworn to before me this
26th day of November, 2018.

*Nancy L. Moran*
Notary Public

NANCY L MORAN
NOTARY PUBLIC STATE OF NEW YORK
LIC. #01...
ONONDAGA COUNTY
MY COMMISSION EXPIRES 1/20/2021