UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LD DAYS and HARRIET DAYS,

                                **Plaintiffs,**

                                                       **ANSWER**
    v.                                        Civil Action No.: 5:18-cv-1334 (LEK/DEP)

CITY OF SYRACUSE,
ONONDAGA COUNTY SHERIFF
and ONONDAGA COUNTY,

                                **Defendants.**
_____

    Defendant**,** City of Syracuse, by and through its attorney, Kristen E. Smith, Esq., CORPORATION COUNSEL OF THE CITY OF SYRACUSE, Erica Clarke, Esq., Assistant Corporation Counsel, Of Counsel, answers the Plaintiffs' Complaint as follows:

1. Defendant **ADMITS** the allegations contained in paragraph "1" of the Complaint;

2. Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "2" of the Complaint;

3. Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "3" of the Complaint;

4. Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "4" of the Complaint;

5. Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "5" of the Complaint;

6. Defendant **DENIES** the allegations contained in paragraph "6" of the Complaint;

7. Defendant **DENIES** the allegations contained in paragraph "7" of the Complaint;

8. Defendant **DENIES** the allegations contained in paragraph "8" of the Complaint;

9. Defendant **DENIES** the allegations contained in paragraph "9" of the Complaint;

10. Defendant **DENIES** the allegations contained in paragraph "10" of the Complaint;

11. Defendant **DENIES** the allegations contained in paragraph "11" of the Complaint;

12. Defendant **DENIES** the allegations contained in paragraph "12" of the Complaint;

13. Defendant **DENIES** the allegations contained in paragraph "13" of the Complaint;

14. Defendant **DENIES** the allegations contained in paragraph "14" of the Complaint;

15. Defendant **DENIES** the allegations contained in paragraph "15" of the Complaint;

16. Defendant **DENIES** the allegations contained in paragraph "16" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE,
DEFENDANT ALLEGES AS FOLLOWS:**

17. Any damages alleged to have been sustained by Plaintiffs were caused or contributed to in full or in part by the culpable conduct and/or assumption of the risk of Plaintiff and not by any culpable conduct on behalf of the Defendants.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE,
DEFENDANT ALLEGES AS FOLLOWS:**

18. Some or all of the Plaintiffs' claims for compensatory and punitive damages are barred by applicable state and federal law.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE,
DEFENDANT ALLEGES AS FOLLOWS:**

19. Plaintiff has failed to state a claim upon which relief may be granted; any claims for punitive damages violate provisions of the Constitution of the United State and the State of New York.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
DEFENDANT ALLEGES AS FOLLOWS:**

20. To the extent that the Plaintiff seek punitive or exemplary damages within their

Complaint against the Defendant City or individual defendants in their official capacity, such claims should be dismissed as improper.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

21. Plaintiffs have failed to state a cause of action upon which relief may be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

22. Plaintiffs' pleadings are insufficient and not in the form prescribed pursuant to the Federal Rules of Civil Procedure, thus failing to state a cause of action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

23. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

### AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

24. Some or all of Plaintiffs' causes of action are barred by their failure to comply with §§50-e, 50-h and 50-i of the GENERAL MUNICIPAL LAW.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

25. To the extent Plaintiffs have failed to mitigate their damages, their claims for damages are diminished or barred.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

26. Some or all of the damages alleged in the complaint are barred and/or subject to the qualifications and limitations of the provisions of Section 4545 of the CPLR.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

27. Some or all of the Plaintiffs' claims are barred because the Plaintiff s failed to exhaust their administrative remedies and/or meet conditions precedent to the commencement of this action as required by law.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

28. Any and all acts of City Defendant and any agents or employees of the City were justified and in accordance with the law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

29. Any alleged violation of Plaintiffs' constitutional rights were not the proximate cause of Plaintiffs' injuries and/or damages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

30. Any actions done by agents of the City in arresting and detaining Plaintiffs were done in good faith, with probable cause and without malice.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

31. To the extent that Plaintiffs were arrested, detained and/or criminally charged, Defendant had probable cause to search, arrest, detain and file criminal charges against Plaintiffs.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

32. Some of Plaintiffs' claims, in whole or in part, fail based on a lack of personal involvement by the named Defendant in the alleged constitutional violations.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

33. Any force used by Defendant and/or any agents or employees of the City was privileged, reasonable, and necessary.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

34. Defendants' alleged conduct was neither extreme nor outrageous.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

35. Defendant City of Syracuse properly hired, trained, and supervised Syracuse Police Officers.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

36. The Complaint fails to state specific acts of conduct attributable to City Defendant that gives rise to liability pursuant to 42 U.S.C. §1983.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

37. The Complaint fails to allege the existence of a custom, policy or procedure of the municipal defendant which give rise to liability pursuant to 42 U.S.C. §1983.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

38. The City of Syracuse maintains adequate policies that are in accordance with State and Federal Law.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

39. The Complaint fails to allege actions taken by officials with final policymaking authority that caused a constitutional violation of Plaintiffs' civil rights;

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE,
DEFENDANT ALLEGES AS FOLLOWS:**

40. Upon information and belief, if Plaintiffs obtain any recovery in this action against City Defendant, such recovery and liability against the Defendants should be limited pursuant to Articles 14 and 16 of the CPLR; the liability, if any, of City Defendant to Plaintiffs for non-economic loss shall be limited to City Defendant's equitable share of the culpable conduct causing or contributing to the total liability for the non-economic loss of the Plaintiffs, if any.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE,
DEFENDANT ALLEGES AS FOLLOWS:**

41. Upon information and belief, Plaintiffs may have, or might in the future, reach agreements and/or settlement with other nonparty tortfeasors and in the event of such circumstances, will be obligated to immediately disclose the same to City Defendant at which time City Defendant will have the right to set-off any and all other available relief pursuant to General Obligations Law §15-108.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE,
DEFENDANT ALLEGES AS FOLLOWS:**

42. If the Plaintiffs suffered any injury or damage, such injury or damage was caused in whole or in part by a third party acting outside the scope of his employment.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE,
DEFENDANT ALLEGES AS FOLLOWS:**

43. Any and all acts of City Defendant and/or any agents or employees of the City of Syracuse was privileged, reasonable and necessary and is protected by qualified immunity.

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE,
DEFENDANT ALLEGES AS FOLLOWS:**

44. Any and all acts of City Defendant and/or any agents or employees of the City of

Syracuse was privileged, reasonable and necessary and is protected by absolute immunity.

### AS AND FOR A THENTY-NINTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

45. City Defendant's actions were not motivated by evil motive or intent and were not performed with reckless or callous indifference to Plaintiffs' federally protected rights.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

46. City Defendant's actions were not malicious, willful, wanton, reckless, grossly negligent, or extreme and outrageous.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

47. City Defendant reserves the right to raise additional defenses, which may become known during further investigation and discovery in this case.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

48. Plaintiffs have failed to name a necessary party.

### AS AND FOR A SEPARATE CROSS-CLAIM AGAINST DEFENDANTS COUNTY OF ONONDAGA AND ONONDAGA COUNTY SHERIFF, CITY DEFENDANT ALLEGES AS FOLLOWS:

49. That if Plaintiffs were caused to sustain damages at the time and place as set forth in the Complaint, upon information and belief such damages were caused in whole or in part by the active, and primary negligence, recklessness, and/or culpable conduct of co-defendants County of Onondaga and Onondaga County Sheriff.  If by reason of the allegations contained in the Complaint, answering Defendants are found liable to Plaintiff, answering Defendants demand apportionment of liability, contribution, indemnification and judgment over and against co-defendants for the amount of Plaintiff's recovery.

### DEMAND FOR JURY TRIAL

50. City Defendant demands a trial by jury.

**WHEREFORE**, City Defendant demands judgment dismissing Plaintiffs' Complaint in its entirety with prejudice, with costs, disbursements, and attorney's fees, or in the alternative, a judgment apportioning liability between and determining the ultimate rights of Plaintiffs, Defendants, or any culpable third parties, together with reasonable counsel fees and costs incurred with this action, and for such other and further relief as to the Court may deem just and proper.

Dated: November 26, 2018  
      Syracuse, New York

KRISTEN E. SMITH, ESQ.  
CORPORATION COUNSEL  
OF THE CITY OF SYRACUSE

By: _____/s_____  
Erica Clarke, Esq.  
Assistant Corporation Counsel  
Bar Roll No. 520635  
Attorney for Defendants  
300 City Hall  
Syracuse, New York 13202  
Tel: (315) 448-8400  
Fax: (315) 448-8381  
E-Mail: EricaClarke@syrgov.net

TO:    Dirk J. Oudemool, Esq.  
*Attorney for Plaintiffs*  
333 East Onondaga Street  
Syracuse, NY 13202  
(315) 474-7447

CC:    Carol L. Rhinehart, Esq.  
*Attorney for Defendants*  
*County of Onondaga and Onondaga County Sheriff*  
421 Montgomery Street, 10th Floor  
Syracuse, New York 13202

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 26, 2018, she filed City Defendant's Answer by electronically filing with the Clerk of the Court herein, which is understood to have sent notification of such filing electronically to the following:

Dirk J. Oudemool, Esq.
*Attorney for the Plaintiffs*
333 East Onondaga Street
Syracuse, New York 13202

Carol L. Rhinehart, Esq.
*Attorney for Defendants*
*County of Onondaga and Onondaga County Sheriff*
421 Montgomery Street, 10th Floor
Syracuse, New York 13202

Dated: November 26, 2018
Syracuse, New York

                                         KRISTEN E. SMITH, ESQ.
                                         CORPORATION COUNSEL
                                         OF THE CITY OF SYRACUSE

                                By: _____/s_____
                                         Erica Clarke, Esq.
                                         Assistant Corporation Counsel
                                         Bar Roll No.
                                         Attorney for City Defendants
                                         300 City Hall
                                         Syracuse, New York 13202
                                         Tel: (315) 448-8400
                                         Fax: (315) 448-8381
                                         E-Mail: EricaClarke@syrgov.net